DAN LIN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.

No. 06–0690–ag.

United States Court of Appeals, Second Circuit.

March 28, 2007.

David X. Feng, New York, NY, for Petitioner.

Jeffrey A. Taylor, United States Attorney; Madelyn Johnson, Michelle N. Johnson, Assistant United States Attorneys, Washington, District of Columbia, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Dan Lin, a native and citizen of the People's Republic of China, seeks review of a January 18, 2006 order of the BIA affirming the September 21, 2004 decision of Immigration Judge ("IJ") Douglas Schoppert denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan Lin,* No. A79–414–889 (B.I.A. Jan. 18, 2006), *aff'g* No. A79–414–889 (Immig. Ct. N.Y. City Sept. 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Here, the IJ's adverse credibility finding is supported by substantial evidence. The IJ accurately observed that Lin omitted from his credible fear interview the allegation that he was served a subpoena in China for posting an anti-government sign. Because this omission involved the basis of his asylum claim, it substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Moreover, the IJ reasonably refused to credit Lin's explanation for the omission—that he forgot to tell the asylum officer about the political sign or subpoena because he was afraid during the interview and because of his young age. As it was the political sign and subpoena that allegedly forced Lin into hiding and to then leave China, no reasonable fact finder would have been compelled to credit this explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005); *see also Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396 (2d Cir.2005). Accordingly, the IJ's denial of Lin's asylum claim was supported by substantial evidence, and we need not reach the IJ's alternative burden of proof finding.

■ Additionally, because Lin failed to raise either his withholding of removal or CAT claims to the BIA, we lack jurisdiction to consider those claims and dismiss the petition for review to this extent. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).